IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK KELLY, \*
(*Individually and Derivatively on*
*Behalf of Emerald Green Ventures, LLC*) \* CIVIL NO. JKB-19-2043

    **Plaintiff,** \*

    v. \*

**JOHN POWERS,** *et. al*, \*

    **Defendants.** \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### *I. Background*

Patrick Kelly ("Plaintiff" or "Kelly") instituted this suit in the Maryland Circuit Court for Baltimore City (Case No. 24-C-19-003016) on May 28, 2019. Kelly, individually and derivatively on behalf of Emerald Green Ventures, LLC ("Emerald"), filed claims for *inter alia*, conversion, unjust enrichment, constructive fraud based upon breach of fiduciary duty, violation of the Maryland Uniform Trade Secrets Act, fraud, and civil conspiracy against John Powers, Meredith Priddy, James Tracy Taylor, Daniel Powers, Brent Berisford, and Rx Remedies, Inc. (collectively, "Defendants"). Defendants removed this action to this Court on the asserted basis of federal question jurisdiction pursuant to 28 U.S.C. §1338. (*See* Notice of Removal, ECF No. 1.) Pending before the Court is Plaintiff's Motion to Remand (ECF No. 22) and the Defendants' Motion to Dismiss (ECF No. 15). The motions have been briefed (*see* ECF Nos. 19, 24, 25) and are ripe for disposition. No hearing is necessary. Local Rule 105.6 (D. Md. 2018). Both Plaintiff's Motion to Remand and Defendants' Motion to Dismiss will be denied.

1

## *II. Factual Allegations*

This case presents a relatively straightforward dispute among the parties to a business venture who had a falling out and then one party was left behind. That party, Kelly, now seeks to recover for injuries allegedly suffered as a result of his business partners stealing the business out from under him.

Kelly and Taylor met in 2015 and collaborated on developing a business utilizing Taylor's expertise in pharmacology and toxicology and extensive research on cannabidiol[1] ("CBD"). (Mt. to Dismiss at 3, ECF No. 15.) In September 2015, they formed Emerald as an investment vehicle to develop a supply chain for CBD that involved growing hemp plants and processing and manufacturing the CBD oils into marketable consumer products. (*Id.* at 4.) Kelly held the majority interest and Taylor a minority interest in Emerald. (Compl. at 3.) In 2017, bioRemedies was formed to act as the operating company for the business venture. (Mt. to Dismiss at 4.) Emerald is the majority member of bioRemedies.[2] bioRemedies grows and sells full-spectrum, $CO_2$ extracted, hemp-derived CBD products (Compl. at 2), using formulas developed exclusively by Taylor (Mt. to Dismiss at 3.) Taylor originally owned the formulas, but he assigned all of his title and interest to PT Holdings, LLC, an entity that now owns and controls the formulas. (*Id.* at 3, 11.)

According to Kelly, business was booming until certain events precipitated the Defendants entering into an illegal conspiracy to freeze Kelly out and to steal control of Emerald and bioRemedies. (Compl. at 3.) Around November 15, 2018, a massive crop failure in

---

[1] CBD does not contain any tetrahydrocannabinol or "THC," the active ingredient of marijuana, and does not cause psychotropic effects. (Mt. to Dismiss at 2).

[2] The complaint does not identify who or what entity holds the minority membership of bioRemedies.

2

Colorado caused significant financial losses to the business.[3] (Mt. to Dismiss at 5.) Due to the negative impact, Defendants insisted that Kelly inform the investors of Emerald but he refused. (*Id.*)

Kelly claims that several employees and officers of Emerald and bioRemedies resigned, and while still working for those companies, incorporated Rx Remedies, a new entity that would operate as a direct competitor of bioRemedies. (Compl. at 3-4.) In the process of starting up Rx Remedies, Defendants allegedly misappropriated funds, assets, intangible assets, customer lists, formulas, etc. and began operating the same or substantially the same business without Kelly.

Not surprisingly, Defendants tell a different version of events. Defendants claim that Kelly staged an unlawful "coup" within bioRemedies by unilaterally deciding that bioRemedies would focus on hemp agriculture instead of the production of pharmaceutical grade CBD products, and that it would be moving to a new location. (Mt. to Dismiss at 5.) When Defendants were not "on board" with the new business model, Defendants assert that Kelly terminated all bioRemedies' employees except Taylor. Defendants then moved forward, forming and operating Rx Remedies without Kelly.

### *III. Standard for Remand*

Because federal courts are courts of limited jurisdiction, a cause of action is presumed to lie outside of that limited jurisdiction, and the burden of establishing otherwise rests upon the party asserting jurisdiction. *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B). In particular, removal statutes are to be strictly construed, and doubts regarding the propriety of removal should be resolved in favor

---

[3] Defendants allege that this misfortune was caused entirely by Kelly's "gross ineptitude." (Mt. to Dismiss at 5.)

3

of remanding the case to state court. *Id.* Section 1447(c) provides for remand if the District Court lacks jurisdiction over the matter.

## *IV. Analysis of Motion to Remand*

Kelly moves to remand this case to the Circuit Court on the ground that his complaint raises no federal claims and all asserted claims are based upon Maryland common law and/or statutory law. He contends that the claims may be resolved without resort to federal law; thus, a federal question is not "necessarily raised" by the complaint and accordingly, this Court lacks subject matter jurisdiction. Kelly further argues that jurisdiction may not be premised upon a federal defense. *Burrell v. Bayer Corporation*, 918 F.3d 372, 381 (4th Cir. 2019) ("It is not enough that federal law becomes relevant by virtue of a 'defense ... anticipated in the plaintiff's complaint.'" (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983))).

Defendants oppose the Motion arguing that the complaint, itself, asserts breach of fiduciary duty, fraud, and civil conspiracy related to, and conversion of, copyrighted material. In the Notice of Removal, Defendants also point to Plaintiff's multiple references to "intangible property," as well as a letter from Kelly to bioRemedies' investors informing them of an attempt to file unauthorized trademarks on the company name, logo and product names (*see* ECF No. 3). Last, Defendants anticipate asserting preemption by copyright law as a defense to the state law claims. (Opp. to Mt. to Remand at 4, ECF No. 22).

The Court concludes that while not couched in those terms, the language of the complaint most certainly states claims based, at least in part, on theories of copyright infringement under federal law. As noted above, the complaint lays out a number of claims alleging conversion and misappropriation of tangible and intangible assets. More specifically, Kelly alleges that

Defendants conspired to misappropriate Emerald's and/or bioRemedies' "property and trade secret information, including without limitation product formulations, product growth trade secrets, product inventory, as well *as the name bioRemedies*." (Compl. at 4 (emphasis added).) He also asserts that Defendants, with no legal authority to do so, "unilaterally and intentionally transferred all, substantially all or most of the valuable business and property of [Emerald]/bioRemedies to Rx Remedies, including ... cash, tangible and *intangible* business property, business good will and customer lists." (*Id.* at 6 (emphasis added).) Furthermore, Kelly's letter sent to investors, which may be construed as an "other paper" under 28 U.S.C. §1446(b), helps to explain and solidify the specific nature of the claims. In material part, Kelly stated:

> In November 2018, an employee falsely claimed to own the naming rights to "bioRemedies MD" and attempted to file unauthorized trademarks on the Company name, logo, and product names.
>
> * * *
>
> [Certain] individuals formed a company that was immediately conducting operations. Intellectual property such as proprietary contact lists and inventory were stolen to continue soliciting an existing customer base. Collateral design files and a near exact replica of the business name, logo, tagline, and public-facing website were put forth.

(ECF No. 3 at 1.)

Thus, in this context, the conversion claim of intangible property, which certainly appears to include copyrighted material, would be preempted by federal copyright law. *See e.g., U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama*, 104 F.3d 1453 (4th Cir. 1997); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 229 (4th Cir. 1993). The complaint does not cite

5

the federal statutory provisions for copyright infringement, but that type of injury may be reasonably inferred from Plaintiff's claims, and it would be difficult to construe the complaint in a manner that concludes Plaintiff is not seeking to recover damages for copyright infringement (and possibly trademark infringement). Accordingly, the Motion to Remand will be denied. There is federal question jurisdiction.

## *V. Standard for Motion to Dismiss under Rule 12(b)(7)*

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under Rule 19." There is a two-step process for determining whether to dismiss a complaint for failure to join an indispensable party. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). First, under Rule 19(a), the Court must determine whether a party is "necessary" to the action. If the absent party is "necessary" it must be ordered to be joined so long as joinder does not destroy the Court's jurisdiction. Rule 19(a)(2). Second, if the Court determines that a party is "necessary," it must then discern whether a party is "indispensable" to the action under Rule 19(b). (*Id.*) Dismissal of a case is appropriate only where the "resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999).

## *VI. Analysis of Motion to Dismiss*

Defendants argue that Emerald, bioRemedies, and PT Holdings are necessary parties. In response, Plaintiff argues that he correctly identified Emerald as a nominal plaintiff in the caption of the complaint. As to bioRemedies, Kelly argues that he is not a member and therefore, he did not sue on its behalf. He also argues that complete relief can be granted as to the existing parties and bioRemedies is not claiming an interest relating to the subject of the

action. However, to the extent that Defendants concede that he has standing to sue derivatively, Kelly submits that he will amend the complaint to properly add bioRemedies.

It is evident that Emerald and bioRemedies are necessary parties under Rule 19(a). Kelly brought a derivative suit as a member on behalf of Emerald and the complaint clearly asserts injuries for and on behalf of bioRemedies. As derivative parties, Emerald and bioRememdies must be named as parties to this action. *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970) (plaintiff stockholder in stockholder's derivative suit is "at best the nominal plaintiff"); *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983) (corporation is real party in interest when corporate management fails to pursue cause of action) (citing *Koster v. Lumbermens Mutual Casualty Company*, 330 U.S. 518 (1947)); *see also Racetime Investments, LLC v. Moser*, 2013 WL 987835, at *3 (E.D. Va. Feb. 6, 2013) ("No party contests the black letter proposition that a limited liability company subject to a derivative action must be a party to the suit.").

Finally, Kelly opposes joining PT Holdings because he made no allegations regarding PT Holdings and it was not formed until March 15, 2019, a date well after the events in the complaint. Defendants contend that PT Holdings is the holder of Taylor's formulas that were alleged to have been stolen and neither Emerald nor bioRemedies owned the formulas. (Mt. to Dismiss at 11.) As the asserted owner of the formulas, the Court concludes that PT Holdings has an interest in the subject of this action, is a necessary party, and shall be joined.

Because Kelly has not asserted any further impediment to joining the above entities and including them as parties to this action will not affect this Court's jurisdiction as it is based upon a federal question, Defendants' Motion to Dismiss will be denied.

## VII. Conclusion

For the reasons set forth above, the Plaintiff's Motion to Remand will be denied. The Court finds that it has subject matter jurisdiction over this case because there is at least one federal question under §§1331 and 1338. Further, the Court notes that it now has supplemental jurisdiction over the state law claims under §1367.

The Defendants' Motion to Dismiss will be denied. Plaintiff will have ten days from the entry of this Order to file an amended complaint joining Emerald Green Ventures, LLC, bioRemedies, LLC, and PT Holdings, LLC, as necessary parties under Rule 19(a)(2).

A separate order follows.

DATED this 23 day of September, 2019.

BY THE COURT:

James K. Bredar
Chief Judge